UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

Jiehua Huang et al.,                          :
                                   Plaintiffs,    :
                                              :
                                              :
            -against-                         :          1:15-cv-4966 (ALC)
                                              :
Airmedia Group Inc. et al.,                   :          <u>ORDER</u>
                                              :
                                  Defendants.  :
                                              :
-------------------------------------------------------------------x

ANDREW L. CARTER, JR., United States District Judge:

## I.   INTRODUCTION

Before this Court are two competing motions to appoint a lead plaintiff and lead counsel in this class action under the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §§ 77z–1 and 78u–4, submitted by movants Mustapha Idelhaj and China Xiayuan Transportation Co. Ltd. ("China Xiayuan").

For the reasons set forth below, China Xiayuan is appointed lead plaintiff and Robbins Geller and Holzer & Holzer is appointed lead counsel for the class it seeks to represent.

## II.   ANALYSIS

The Private Securities Litigation Reform Act of 1995 ("PSLRA") directs this Court to "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA establishes a rebuttable presumption that the "most adequate plaintiff" is the person that (1) "has either filed the complaint or made a motion in response to a notice," (2) "in the determination of the court, has the largest financial interest in the relief sought by the class, and" (3) "otherwise satisfies the requirements of Rule 23 of the

1

Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa)-(cc). This presumption may be rebutted only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff (1) "will not fairly and adequately protect the interest of the class; or" (2) "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." Id. § 78u-4(a)(3)(B)(iii)(II).

### A.  China Xiayuan sustained the largest loss.

Both parties have filed a motion in response to a notice and neither party disputes the other's calculation of financial loss. Idelhaj claims losses of $49,716.40 while China Xiayuan claims losses of $173,493.75. In email correspondence, Idelhaj's attorneys concede that "it does appear that [China Xiayuan] has larger losses . . . ." Reply Memorandum in Support of China Xiayuan's Motion to Appoint Lead Plaintiff, Exh. A., ECF No. 23. The Court agrees.

The parties' actual dispute thus comes down to whether China Xiayuan otherwise satisfies the requirements of Rule 23.

### B.  China Xiayuan meets Rule 23 requirements.

Rule 23 of the Federal Rules of Civil Procedure states that a party may serve as a class representative "only if (1) the class is so numerous that joinder of all members is impractical; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." In the context of a PSLRA motion to appoint a lead plaintiff, "only a prima facie showing that the requirements of Rule 23 are met is necessary." Topping v. Deloitte Touche Tohmatsu CPA, 95 F. Supp. 3d 607, 623 (S.D.N.Y. 2015). "Furthermore, typicality and adequacy of representation are the only provisions

relevant to a determination of lead plaintiff under the PSLRA." Id. (internal quotations and alterations removed).

"Typicality is established where each class member's claim 'arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.' Sallustro v. CannaVest Corp., 93 F. Supp. 3d 265, 278 (S.D.N.Y. 2015) (quoting In re Drexel Burnham Lambert Grp., Inc., 960 F.2d 285, 291 (2d Cir. 1992)). "The adequacy requirement is satisfied where '(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy.' Sallustro v. CannaVest Corp., 93 F. Supp. 3d 265, 278 (S.D.N.Y. 2015) (quoting Kaplan v. Gelfond, 240 F.R.D. 88, 93-94 (S.D.N.Y. 2007)).

Nonetheless, "class certification is inappropriate where a putative class representative is subject to unique defenses which threaten to become the focus of the litigation . . . [r]egardless of whether the issue is framed in terms of the typicality of the representative's claims . . . or the adequacy of its representation . . . ." Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 903 F.2d 176, 180 (2d Cir. 1990).

China Xiayuan's typicality is not disputed by the parties. Its claims are premised on the same legal theories advanced in the complaint: defendants' allegedly false and misleading public statements in violation of the Securities Exchange Act. It therefore satisfies Rule 23's typicality requirement.

But Idelhaj does argue that China Xiayuan is subject to two "unique defenses" that render it an inadequate lead plaintiff. First, he alleges that China Xiayuan submitted a deficient PSLRA certification, required under 15 U.S.C. § 78u-4(a)(2)(A). The certification is a sworn document,

personally signed by the party seeking appointment as lead plaintiff. Idelhaj claims that the signature on China Xiayuan's form, in simplified Chinese characters, does not belong to China Xiayuan's owner, Michael Zou. Instead, he claims, the signed characters translate into English as "Zou Da Qiang" or "Zou Tai Qiang." Idelhaj thus accuses China Xiayuan of submitting either a perjured certification or one that was signed by a person without authority to speak for the company. Further, because the PSLRA requires that a motion for lead plaintiff be filed "not later than 60 days after the date on which the notice is published," 15 U.S.C. § 78u–4(a)(3)(A)(i)(II), any attempt to correct the purportedly deficient certification would be untimely. See Steamfitters Local 449 Pension Fund v. Cent. European Distribution Corp., 2012 WL 3638629, at *12-13 (D.N.J. Aug. 22, 2012) (denying motion to appoint lead plaintiff where movant was subject to unique defenses regarding untimely filing and lack of certification). Second, Idelhaj asserts (without supportive documentation), that China Xiayuan may be subject to attack for being an off-shore tax shelter.

Subsequent to Idelhaj's accusations contesting the validity of the certification form, the Court granted China Xiayuan leave to file a supplemental declaration to its motion to appoint a lead plaintiff. That declaration contains sworn representations by Michael Zou that he personally signed the submitted PSLRA certification and that, as the owner of China Xiayuan, he remains committed to serving as lead plaintiff in this action. Declaration of Michael Zou, ECF No. 27.

In light of the supplemental declaration, the Court is satisfied that China Xiayuan submitted an adequate PSLRA certification. See Khunt v. Alibaba Grp. Holding Ltd., 2015 WL 1954134, at *13 (S.D.N.Y. May 1, 2015) (finding adequate a PSLRA certification when supplemented by a declaration clarifying that the signer was acting in his capacity as director and sole shareholder of the movant company). Idelhaj's additional arguments against the adequacy of

4

China Xiayuan as lead plaintiff are only conclusory allegations that China Xiayuan may be an off-shore tax shelter. Such "speculative and hypothetical" allegations should not prevent the appointment of a lead plaintiff. In re Olsten Corp. Sec. Litig., 3 F. Supp. 2d 286, 296 (E.D.N.Y. 1998). Indeed, as the Third Circuit astutely observed when addressing a movant's conclusory arguments in the context of a PSLRA lead plaintiff dispute, "[a]llegations of impropriety are not proof of wrongdoing. If they were, then any class member (or lawyer seeking to be appointed lead counsel) could disable any presumptive lead plaintiff by making unsupported allegations of impropriety." In re Cendant Corp. Litig., 264 F.3d 201, 270 (3d Cir. 2001). Accordingly, the Court finds that China Xiayuan has made a prima facie showing of Rule 23 adequacy.

Having the largest financial interest in the relief sought, and having otherwise satisfied Rule 23 requirements, the Court finds that China Xiayuan is entitled to a rebuttable presumption that it is the most adequate plaintiff. As Idelhaj presents no proof to rebut that presumption, the Court finds China Xiayuan to be the most adequate plaintiff.

### C. The Court appoints Robbins Geller Rudman & Dowd LLP as lead counsel.

Upon determination of the most adequate plaintiff, the plaintiff "shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). "There is a strong presumption in favor of approving a properly-selected lead plaintiff's decision as to counsel." Topping v. Deloitte Touche Tohmatsu CPA, 95 F. Supp. 3d 607, 623 (S.D.N.Y. 2015). Having scrutinized the resumes and backgrounds of China Xiayuan's chosen counsel, Robbins Geller Rudman & Dowd LLP, and in light of the firm's extensive background in securities litigation, the Court appoints the firm as lead counsel.

### III.    CONCLUSION

For the foregoing reasons, China Xiayuan's motion to be appointed lead plaintiff and motion to appoint Robbins Geller Rudman & Dowd LLP as lead counsel are GRANTED. The motions to appoint Mustapha Idelhaj as lead plaintiff and the Rosen Law Firm as lead counsel are DENIED. The Clerk of Court is respectfully requested to close the motions at ECF Nos. 9, 12, and 15.

**SO ORDERED.**

Dated:  **November 10, 2015**
        **New York, New York**

                              **ANDREW L. CARTER, JR.**
                              **United States District Judge**